IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DAISY EDMONDS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 13-cv-2507 JAR/DJW |
| | ) |
| **MIDLAND CREDIT MANAGEMENT, INC.,** | ) |
| | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DAISY EDMONDS, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the Defendant, MIDLAND CREDIT MANAGEMENT, INC., the Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4. DAISY EDMONDS, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of District Heights, County of Prince Georges, State of Maryland.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Verizon Maryland Inc., (hereinafter, "the Debt").

6. The debt that Plaintiff allegedly owed Verizon Maryland Inc., was for cable television, internet and a home telephone bill.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. MIDLAND CREDIT MANAGEMENT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Maryland. Defendant is incorporated in the State of Kansas.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    A<small>LLEGATIONS</small>

14. Since in or around October 2012, Defendant has initiated multiple telephone calls to Plaintiff's cellular telephone and to Plaintiff's place of employment in an attempt to collect the Debt.

15. In or around October 2012, Defendant initiated a telephone call to Plaintiff at her place of employment in an attempt to collect the Debt.

16. During the course of the aforementioned telephone call between Defendant and Plaintiff, Plaintiff told Defendant that she was at work and that she could not speak with Defendant.

17. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that her employer does not permit her to accept calls of such nature while she is at work.

18. Subsequent to in or around October 2012, despite being advised that Plaintiff's employer prohibits her from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at her place of employment in an attempt to collect the Debt.

19. In or around October 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number.

20. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Defendant stated it was calling to collect a debt allegedly owed by Plaintiff to Verizon.

21. During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff informed Defendant that she no longer owed any money to Verizon.

22.     During the course of the aforesaid telephone conversation between Plaintiff and Defendant, Plaintiff disputed the validity of the Debt.

23.     Subsequent to aforesaid telephone call between Plaintiff and Defendant, as of in or around October 2012, Defendant was put on notice that Plaintiff disputed the validity of the Debt.

24.     Subsequent to the aforesaid telephone call between Plaintiff and Defendant, as of in or around October 2012, Defendant was aware that Plaintiff disputed the validity of the Debt.

25.     Since in or around October 2012, Defendant has reported the Debt as "placed in collection" to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA).  15 U.S.C. §1681 *et seq.*

26.     Despite Defendant's knowledge that Plaintiff disputes the validity of the Debt, Defendant has failed to communicate to the consumer reporting agencies that the Debt is disputed; as of July 2013, the date of the most recent update of the tradeline relative to the Debt, Plaintiff's credit report does not list the Debt as disputed.

27.     In its attempts to collect the debt allegedly owed by Plaintiff to Verizon Maryland Inc., Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

    a. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

    b. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8); and,

    c. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

28. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.  JURY DEMAND

29. Plaintiff hereby demands a trial by jury on all issues so triable.

30. The Plaintiff, DAISY EDMONDS, by and through her attorneys, SMITHMARCO, P.C., hereby respectfully requests that the trial of this matter proceed in Kansas City.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DAISY EDMONDS, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                                            Respectfully submitted,
                                            **DAISY EDMONDS**

Dated: October 1, 2013                  By:    s/ Mandy M. Shell
                                              Mandy M. Shell, KS Bar # 23410
                                              PO Box 413677
                                              Kansas City, MO  64141
                                              Telephone:   (913) 871-4170
                                              Facsimile:   (888) 418-1277
                                              E-Mail:       mshell@smithmarco.com
                                              ATTORNEY FOR PLAINTIFF